FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 0 3 2016 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

LUCAS CIPRIANO, individually and on behalf of others similarly situated,

                Plaintiff,

- against -

JOY SIANG GARDEN, CAIXIA CHEN, and ZHI THAO CHEN

                Defendants.

------------------------------------------------------------ X

**MEMORANDUM & ORDER**

14-cv-4241 (AMD)(RLM)

ANN DONNELLY, District Judge.

The plaintiff, Lucas Cipriano, brought this action asserting violations of the Fair Labor Standards Act and the New York Labor Law against defendants Joy Siang Garden Restaurant Inc. and its individual owners on July 10, 2014. Since that time, the Court has warned the plaintiff on three separate occasions that his failure to prosecute this case could result in its dismissal. Nearly two and a half years after initiating this action, the plaintiff's counsel has withdrawn from the case due to his inability to reach his client, and the plaintiff has not made a *pro se* appearance in this case. For the reasons stated below, this case is dismissed for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

The plaintiff filed this wage-and-hour action against defendants Joy Siang Restaurant and its owners, Shan Jie Chen and Zhi Thao Chen, on July 10, 2014. (ECF 1.) He alleged that he was employed as a delivery worker by Joy Siang Garden, a Chinese restaurant in Corona, New

1

York, from July 2012 through April 2014, and that during this time he was not paid overtime wages or "spread of hours" pay, and was paid at a lower tip-credited rate for performing non-delivery, non-tipped functions. The plaintiff filed the action on his own behalf and on behalf of similarly situated individuals.

Since the outset, the plaintiff has prosecuted this action in fits and starts. On November 24, 2014, after the defendants failed to answer the complaint and the plaintiff had taken no further action, Magistrate Judge Roanne L. Mann ordered the plaintiff to show cause why the case should not be dismissed for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Judge Mann specified that if the plaintiff did not comply with the order, she would recommend that the case be dismissed. When the plaintiff did not respond, on January 22, 2015, Judge Mann entered an order extending the plaintiff's time to respond to the Court's order to show cause. In his response, the plaintiff's counsel stated that his failure to respond to the Court's order to show cause had been an oversight by his office, and requested that he be permitted to file a motion for default judgment against the defendants. (ECF 13.)

Based on counsel's representation, Judge Mann did not at that point recommend dismissal for lack of prosecution, and set February 27, 2015 as the date by which the plaintiff was to move for default judgment. (ECF 14.) However, the plaintiff had difficulty in identifying the proper defendants in this action, and Judge Mann had to issue several orders to move the case forward. (*See, e.g.,* April 20, 2015 Order (ECF 32); May 18, 2015 Order; July 7, 2015 Order (ECF 40).) When the plaintiff failed to abide by the Court's directive that he file an amended complaint or updated status report by August 14, 2015, Judge Mann gave him until August 20, 2015 to do so "on pain of sanctions." (August 17, 2015 Order.)

The plaintiff requested a further extension to file his amended complaint – which the Court "reluctantly" granted, noting that the case had been pending for more than thirteen months, and no proper defendant had been identified – and the plaintiff finally filed an amended complaint on September 17, 2015. When the defendants failed to answer, the plaintiff requested the entry of default against each of them. The Clerk of the Court entered the defaults on January 11, 2016; when the plaintiff had taken no further action by June 3, 2016, Judge Mann noted that the plaintiff appeared to have abandoned his case, and entered another order to show cause as to why it should not be dismissed with prejudice for lack of prosecution. The plaintiff's counsel responded that the "press of other matters with Court deadlines" had kept him from moving for default judgment, and that he intended to do so by June 24, 2016. (ECF 57.) After the plaintiff finally filed his motion, Judge Mann set an evidentiary hearing for August 9, 2016.

After still more delays, counsel for one of the individual defendants made an appearance in the case, and the parties requested a settlement conference before Judge Mann. Three days before the November 1, 2016 settlement conference, the plaintiff's counsel requested an adjournment because "our office has currently has not been able to communicate with our client and confirm his participation in the settlement conference." (ECF 80.) Judge Mann denied the request, noting that the case had been pending since July 2014, and the settlement conference would proceed as scheduled. (October 28, 2016 Order.) The minutes from that conference reflect that the Court was unable to proceed with the settlement conference, because the plaintiff's counsel had not been able to communicate with his client since June of 2016. (ECF 81.) Judge Mann adjourned the settlement conference *sine die*, and directed the plaintiff's counsel to take further steps to locate the plaintiff and to provide the Court with an update on his efforts to do so by November 22, 2016. (ECF 81.)

On November 22, 2016, the plaintiff's counsel moved to withdraw from his representation because he had lost contact with his client. (ECF 82, 83.) Judge Mann granted the motion on December 2, 2016. There has been no further action by any party to this case.

## ANALYSIS

Federal Rule of Civil Procedure Rule 41(b) provides, in part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss this action or any claim against it." It is well established that this rule "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 Fed. Appx. 31, 32 (2d Cir. 2015) (quoting *Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001)). In deciding whether to dismiss a case pursuant to Rule 41(b), the Court considers five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (internal citations omitted).

These factors favor dismissal of the case. First, the plaintiff has not taken any action to move this case forward since July of 2016, when he moved for default judgment against the defendants.[1] Over five months later, the plaintiff's counsel has withdrawn, no appearance by new counsel for the plaintiff has been made, and the plaintiff has not appeared *pro se* or taken

---

[1] In a joint motion with defendant Caixia Chen, the plaintiff did request a settlement conference on October 13, 2016. (ECF 79.) However, plaintiff's counsel then requested that this conference be adjourned because he could not reach his client. (ECF 80.)

any further action in this long-delayed case. *See Yadav v. Brookhaven Nat. Laboratory*, 487 Fed.Appx. 671, 672-73 (2d Cir. 2012) (dilatory conduct of three months weighed in favor of dismissal); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) (delay by plaintiff can warrant dismissal of a case "after merely a matter of months"). Moreover, the plaintiff's repeated flouting of court orders and difficulty in identifying the proper defendants have caused this case to remain pending for over two years with limited, if any, progress, despite Judge Mann's repeated efforts to move the case forward.

Second, throughout the course of this case, Judge Mann informed the plaintiff no less than three times that a failure to prosecute his case or comply with court orders could result in dismissal of this action. It now appears that the plaintiff has abandoned his case; there can be no question that he was sufficiently on notice that a failure to prosecute his case could result in its dismissal. Third, it has taken the plaintiff over two years to identify the correct defendants in this case, and in that time, he has failed to comply with court orders on multiple occasions. This has resulted in significant delay in the prosecution of this case. It would therefore be prejudicial to the defendants to allow this long-delayed case to move forward.

As to the fourth factor, the court's need to avoid docket congestion outweighs any need by the plaintiff to allow this case to remain open. The Court has given the plaintiff numerous opportunities to move forward with the prosecution of this case, and has extended deadlines at his counsel's request on multiple occasions. At this point, the plaintiff has not been reached since June, and as a result, his counsel has withdrawn from the case. Therefore, this factor weighs in favor of dismissal of this case. Finally, as to the last factor, no sanction other than dismissal would be effective. The plaintiff has given no indication that he intends to move

forward with prosecuting this case, and appears to be entirely unreachable. Under these circumstances, there are no lesser sanctions that would be effective.

## CONCLUSION

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

                                              s/Ann M. Donnelly
                                              Ann M. Donnelly
                                              United States District Judge

Dated: Brooklyn, New York
        January 3, 2017